UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE ELLIS                                                                CIVIL ACTION

VERSUS                                                                     NO. 13-27-BAJ-RLB

STATE OF LOUISIANA, THROUGH
THE GOVERNOR'S OFFICE OF
HOMELAND SECURITY AND
EMERGENCY PREPAREDNESS, et al.

## ORDER

Before the Court is Defendants' Expedited Motion for Protective Order to Stay and Quash Deposition Subpoenas (R. Doc. 37), filed on November 26, 2013.  Plaintiff responded by filing an Opposition (R. Doc. 40) on November 27, 2013.  The parties participated in a telephone conference on December 2, 2013 before United States Magistrate Judge Richard L. Bourgeois, Jr. to discuss the issues raised in Defendants' Motion. (R. Doc. 39).  For the reasons discussed below, Defendants' Motion is **DENIED** as it pertains to a stay of discovery and **GRANTED** to the extent it seeks to quash Plaintiff's Rule 45 subpoenas.

I.      PROCEDURAL HISTORY

Defendants removed this case on January 11, 2013 on the basis of federal question subject matter jurisdiction. (R. Doc. 1).  The Court issued a scheduling order on May 17, 2013 setting forth deadlines governing discovery, motion practice, pretrial proceedings, and the trial date (R. Doc. 19).  The deadline for fact discovery is December 16, 2013.  Dispositive motions must be filed by January 31, 2014.  On June 27, 2013 Defendants filed a Motion to Dismiss

Plaintiff's Supplemental Amending Complaint (R. Doc. 22).[1]  On August 13, 2013 Defendants filed a Motion for a Protective Order requesting a stay of discovery pending the District Court's ruling of the Motion to Dismiss (R. Doc. 24).  The Court denied that motion (R. Doc. 30).  That denial was timely appealed to the district judge and is currently pending (R. Doc. 31).

On November 26, 2013, Defendant filed the instant Motion for Protective Order requesting multiple forms of relief, including a stay of discovery pending the District Court's resolution of its appeal of the Magistrate Court's Order, which declined to stay discovery. Defendants also request that certain Rule 45 deposition subpoenas be quashed due to improper service, lack of a reasonable amount of time to comply, and because they subject the subpoenaed individuals and Defendants to undue burden.

## II.  DISCUSSION

### A.  Stay of Proceeding

Defendants ask the court to stay discovery in this proceeding until the district judge rules on their pending appeal.  Defendants argue that a stay may be appropriate "where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious injury to the party seeking the stay." (R. Doc. 37-1 at 6).  Plaintiff opposes the Motion and argues that a stay of discovery is unwarranted and would only accomplish an unnecessary delay in the litigation. (R. Doc. 40 at 5).

Defendants' request for a stay of discovery is **DENIED**.  In addition to those reasons set forth in the Court's prior ruling (R. Doc. 30), the Court notes that there are only two weeks remaining to conduct fact discovery and that dispositive motions are due next month.  The

---

[1] This Rule 12 motion incorporates much of the Defendants' previous Motion to Dismiss that was filed on January 18, 2013 (R. Doc. 2).  Because that Motion was directed to the original petition in this case, it was dismissed as moot and the district judge will consider the pending Motion to Dismiss under R. Doc. 22 in a separate order (R. Doc. 29).  The Court notes that although some claims are challenged on the basis of qualified immunity, other claims against named Defendants are independently challenged on other grounds.

discovery at issue before the Court are depositions of two named Defendants as well as depositions of two non-parties that are current or former employees of Defendant, the Governor's Office of Homeland Security and Emergency Preparedness ("GOHSEP"). The Court finds that any prejudice or injury to Defendants in conducting this discovery would be minimal. To grant the stay of discovery at this time would cause significant prejudice to Plaintiff and unnecessarily delay the proceedings.

### B. Motion to Quash Rule 45 Subpoenas

On November 18, 2013, Plaintiff served four Rule 45 deposition subpoenas at the law offices of Defendants' counsel. (R. Docs. 33, 34, 35, 36). Two of the subpoenas requested that non-parties, Christina Dayries and Thomas Enright, appear for depositions on December 4, 2013 (R. Docs. 33, 35). Christina Dayries is an employee of Defendant GOHSEP, while Thomas Enright is GOSHEP's former employee and in-house legal counsel. The other two subpoenas requested that Defendants, Pat Santos and Kevin Davis, appear for depositions on December 3, 2013. (R. Docs. 34, 36).[2] None of the subpoenaed witnesses were personally served. All were served on the secretary to one of Defendants' attorneys. There is nothing in the record to indicate that any of the witnesses have been notified of the pending depositions. Two of the witnesses are not represented by the attorney whose secretary was served.

Defendants' counsel further argue that due to personal scheduling conflicts — both attorneys represent that they were out of the office during the week the subpoenas were served — as well as the Thanksgiving holiday last week, they were unable to address the subpoenas until November 25th and only had three business days to prepare and produce four witnesses for

---

[2] In the telephone conference, Defendants' counsel confirmed that Mr. Santos is no longer employed by GOHSEP. Mr. Santos, however, is currently located in Baton Rouge, Louisiana, not in Shreveport as previously believed.

depositions. In the telephone conference, counsel further represented that they did not agree to accept service of the subpoenas in this manner or under this timeframe.

"Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena." *Seals v. Shell Oil Supply*, No. 12-1983, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) (Roby, Mag.) (citation omitted). The Fifth Circuit has found that service of a Rule 45 subpoena on a party's attorney, instead of the party, "renders such service a nullity." *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).

With no other evidence of personal service on the deponents or notice of the depositions, in light of the scheduling issues presented by Defendants' counsel, and considering that the depositions at issue are scheduled for December 3rd and 4th, there is not "reasonable time to comply" based on the unique facts of this case. Fed. R. Civ. P. 45(d)(3)(A)(i). The deposition subpoenas are hereby quashed.

### C. Additional Discovery

In its opposition, Plaintiff submitted correspondence reflecting his attempts to conduct the depositions at issue, including those of the named Defendants, and the need to take those depositions within the deadlines established by the Court. Plaintiff also expressed concern regarding the status and contact information for certain individuals contained in Defendants' Rule 26 Initial Disclosures.

Counsel for Defendants represented that it would confer with Plaintiff in order to timely schedule the depositions of the above named Defendants. Defense counsel further represented that it would likewise ensure the availability of Ms. Dayries, an employee of GOHSEP.

In order to maintain the current deadlines in place and ensure the efficient control and scheduling of discovery as contemplated by Rule 16, the Court **ORDERS** the following:

- The parties are to mutually confer and agree upon dates for the depositions of Christina Dayries, Kevin Davis and Pat Santos by 5:00 p.m. on Wednesday, December 4, 2013;

- The parties are to mutually confer regarding the potential subject matter of the testimony of Thomas Enright for the purpose of determining whether any issues regarding attorney-client privilege are likely to arise. As an unrepresented, non-party that is no longer employed by a party, any deposition will have to be scheduled and held in accordance with the applicable Federal Rules of Civil Procedure;

- The depositions of Christina Dayries, Kevin Davis and Pat Santos are to be completed by December 16, 2013; and

- The parties shall supplement their Initial Disclosures and discovery responses to the extent required under Rule 26(e) of the Federal Rules of Civil Procedure by December 6, 2013.

Signed in Baton Rouge, Louisiana, on December 3, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE